UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
BARBARA KARPINSKA,                             :
                                                            :
                              Plaintiff,                 :
                                                             :
          v.                                                       :       24-CV-1239 (SFR)
                                                           :
PROSPERO MANAGEMENT SERVICES, LLC,   :
and JULIANNA OSWALD,                      :
                                                            :
                                       Defendants.         x
------------------------------------------------------------------

**MEMORANDUM & ORDER**

Plaintiff Barbara Karpinska sues her former employer, Prospero Management Services, LLC ("Prospero"), as well as her former supervisor, Julianna Oswald, for violations of Connecticut and federal employment law. Oswald moves to dismiss for lack of personal jurisdiction, lack of subject-matter jurisdiction, and for failure to state a claim. Because I agree that Karpinska failed to properly exhaust her claim against Oswald, I dismiss Karpinska's claim against Oswald for lack of subject-matter jurisdiction.

**I.   BACKGROUND**

     **A.   Factual Background**

I accept as true the following allegations from the Complaint and the parties' declarations.

Karpinska began work as Regional Vice President of Prospero Health on September 30, 2021. Compl. ¶ 1, ECF No. 1. Prospero is a provider of home-based care that is owned by Optum, a subsidiary of UnitedHealth Group. *Id.* ¶ 3. Karpinska was responsible for managing Prospero's activities in the "Metropolitan Region" of New York and New Jersey. *Id.* ¶ 1. Karpinska worked remotely full-time from her home in Cornwall, Connecticut. *Id.* ¶¶ 3, 13.

1

Karpinska left her home in Connecticut for occasional business trips. Karpinska Decl. ¶ 5, ECF No. 35-1.

Karpinska's immediate supervisor at Prospero was Julianna Oswald, the President of the East Region. *Id.* ¶ 4. In the months preceding Karpinska's hiring, Oswald had directly managed the Metropolitan Region. *Id.* ¶ 5. Oswald was responsible for managing Prospero's operations in 15 states, including Connecticut. Karpinska Decl. ¶ 6. Oswald worked remotely from her home in Michigan. Oswald Decl. ¶ 6, ECF No. 21-2. Karpinska and Oswald had frequent virtual meetings throughout Karpinska's time at Prospero. Karpinska Decl. ¶ 10.

Shortly after Karpinska started work, Oswald told Karpinska that Karpinska "was welcome to rebuild the team she was in charge of managing." Compl. ¶ 14. In particular, Oswald identified one executive reporting to Karpinska whom Oswald thought could be replaced. *Id.* After meeting with this executive and reviewing her performance metrics, Karpinska declined to replace the executive because she determined that the executive was performing at or above Prospero's expectations. *Id.* ¶ 20. Nonetheless, Oswald "continued to pressure Ms. Karpinska to take action" to terminate the executive's employment. *Id.* ¶ 25. Karpinska found this pressure to be particularly disturbing because the executive Oswald urged her to replace was a Black woman aged over 40. *Id.* ¶¶ 18-23, 25, 37-44.

On February 22, 2022, Karpinska contacted Prospero's Human Resources representative, Jenn Crenshaw, and shared her "difficulties working under the leadership of Defendant Oswald." *Id.* ¶ 25. Karpinska asked Crenshaw to be transferred to another position where Karpinska would report to someone other than Oswald. *Id.* In early March 2022, Crenshaw spoke with Karpinska to relay the decision that rather than grant Karpinska's request

2

for a transfer, Prospero had opted to terminate her employment effective immediately. *Id.* ¶ 28. Karpinska was placed on administrative leave from March 8, 2022 to June 2022. *Id.* ¶ 31.[1]

Karpinska contends that Oswald and Prospero terminated her employment in retaliation for Karpinska's opposition to discriminating against an executive on account of the executive's race and age. *Id.* ¶¶ 38, 43. The Complaint also alleges that UnitedHealthCare, Prospero's parent organization, unduly delayed approving medical treatment for Karpinska's chronic disability. *Id.* ¶¶ 5, 42. Although Karpinska's claim was ultimately approved, Karpinska says that UnitedHealthCare's claim approval process left a "marked impact on Ms. Karpinska's health and emotional well-being." *Id.* Karpinska contends that Oswald and Prospero retaliated and discriminated against her because of the expense required to care for her chronic condition. *Id.* ¶ 43.

Karpinska's counsel filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) on December 22, 2022. *Id.* ¶ 36; ECF No. 21-2, at 2.[2] The CHRO complaint drafted by counsel named only Prospero Health as a respondent. ECF No. 21-2, at 2; *id.* at 14 (Appearance Form for counsel). The CHRO released jurisdiction on April 30, 2024. Compl. 17.

---

[1] The Complaint does not state Karpinska's final date of employment.

[2] An amended copy of the CHRO complaint dated March 20, 2023, is attached as an exhibit to Defendants' briefing. ECF No. 21-2, at 2. The CHRO complaint filed in December 2022 does not appear within the exhibits filed by the parties.

B.     **Procedural History**

Karpinska filed the present action on July 24, 2024. Compl.[3] Karpinska's three-count Complaint asserts that (1) Prospero and Oswald violated the Connecticut Fair Employment Practices Act (CFEPA) by firing Karpinska in retaliation for opposing Oswald's efforts to engage in race- and age-discrimination against Karpinska's supervisee, as well as by terminating Karpinska's employment because of the expense of providing health benefits for Karpinska's disability; (2) Prospero violated Title VII by retaliating against Karpinska for refusing to engage in the prohibited discriminatory conduct of terminating the supervisee's employment; and (3) Prospero discriminated against Karpinska on account of her disability in violation of the Americans with Disabilities Act. Compl. ¶¶ 37-55.

Oswald moved to dismiss Count One of the Complaint—the CFEPA claim—on October 22, 2024. Defs.' Mot. to Dismiss, ECF No. 21; Defs.' Mem. of L. in Supp. of Mot. to Dismiss ("Defs.' Mem."), ECF No. 21-1.[4] Karpinska timely responded in opposition on December 19, 2024. Pl.'s Mem. of L. in Opp. to Defs.' Mot. to Dismiss ("Pl.'s Mem."), ECF No. 35. Oswald replied to Karpinska's memorandum on January 23, 2025. Reply to Pl.'s Mem. of L. in Opp. to Mot. to Dismiss ("Oswald's Reply"), ECF No. 41.

---

[3] The case was originally assigned to the Honorable Sarala V. Nagala, United States District Judge, who presided until it was transferred to me on January 6, 2025. ECF No. 38.

[4] Prospero originally joined in this Motion to Dismiss but subsequently withdrew its arguments for dismissal as to Counts Two and Three. *See* Def. Prospero Mgmt. Services, LLC's Mot. to Withdraw its Portion of Defs.' Mot. to Dismiss, ECF No. 33. The Court acknowledged this withdrawal on December 19, 2024, noting it would consider only "the other argument raised in the motion to dismiss, relating to a request to dismiss Count One as to Defendant Oswald." ECF No. 34.

## II. LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (citation and internal quotation marks omitted). "It is well-settled that the 'plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Matthias v. United States*, 475 F. Supp. 3d 125, 133 (E.D.N.Y. 2020) (quoting *Aurecchione v. Schooman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005). Although the court "must accept as true all material factual allegations in the complaint," a court should not "draw inferences from the complaint favorable to plaintiff." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings." *Student Members of Same v. Rumsfeld*, 321 F. Supp. 2d 388, 392 (D. Conn. 2004) (quoting *Luckett*, 290 F.3d at 496-97).

## III. DISCUSSION

Oswald contends that this court lacks personal jurisdiction over her. Defs.' Mem. 7-15. Oswald further maintains that the claim against her should be dismissed because Karpinska failed to name Oswald in the administrative charge submitted to the Connecticut Commission on Human Rights and Opportunities (CHRO). *Id.* at 15-21. Oswald also argues that the Complaint fails to state a claim that Oswald violated CFEPA. *Id.* at 22-25. Because I conclude that Karpinska failed to exhaust her claim against Oswald, I need not address the alternative grounds for dismissal suggested by Oswald.

A. **Exhaustion of CFEPA Claims**

The CFEPA provides that an individual may not file suit in accordance with the statute "unless the complainant has received a release from the commission." Conn. Gen. Stat. § 46a-101(a).[5] "The courts of this District have consistently applied the exhaustion provisions of the CFEPA to dismiss discrimination claims, finding a lack of subject matter jurisdiction where the plaintiff failed to obtain the requisite release prior to pursuing a private cause of action in court." *Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258, 272 (D. Conn. 2010). Furthermore, "[w]here a plaintiff has obtained a release for his or her discrimination claims from the CHRO but failed to include a particular defendant in the CHRO complaint, courts of this District have consistently found a lack of subject matter jurisdiction over the claims as to the unnamed defendant." *Id.* at 273.

Karpinska contends that Oswald and Prospero's interests were sufficiently aligned such that she has complied with the CFEPA's exhaustion requirement. Pl.'s Mem. 19-22.[6] The Second Circuit has recognized that a Title VII claim can be brought against a party not named in the administrative charge "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203,

---

[5] I recognize that the Second Circuit has held that failure to administratively exhaust federal employment discrimination claims is an affirmative defense and not a jurisdictional prerequisite. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018). In contrast, the Connecticut Supreme Court has held that failure to exhaust a CFEPA claim deprives a trial court of subject-matter jurisdiction. *Sullivan v. Bd. of Police Comm'rs of City of Waterbury*, 196 Conn. 208, 217-18 (1985) ("[Plaintiff's] failure to notify the EEOC and bring his complaint to the CHRO forecloses his access to judicial relief, because it deprived the trial court of jurisdiction to hear his complaint.").

[6] I cite to the pagination set by ECF rather than the page numbers appearing in some of the parties' briefs.

6

209 (2d Cir. 1991). The Connecticut Appellate Court has adopted this same identity of interest test for CFEPA claims against defendants not named in the CHRO complaint. *Malasky v. Metals Product Corp*, 44 Conn. App. 446, 453-56(1997).

The plaintiff "has the burden of proving that the identity of interest exception applies." *Lewis v. Livingston Cty. Ctr. For Nursing & Rehab.*, 30 F. Supp. 3d 196, 205 (W.D.N.Y. 2014) (citation omitted). Courts evaluate four factors in determining whether there is an identity of interest:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson*, 931 F.2d at 209-10. "This four-prong test is not a mechanical one; no single factor is determinative." *Bolt v. Planned Parenthood of Cent. & W. New York*, 763 F. Supp. 3d 463, 472 (W.D.N.Y. 2025) (citation and internal quotation marks omitted).

At the outset, Oswald argues the identity of interest exception is inapplicable here because Karpinska's counsel drafted the CHRO complaint. Defs.' Mem. 18. Reasoning that the "exception is intended to protect parties not versed in employment discrimination statutes," numerous Connecticut trial courts have held that the identity of interest exception applies only where the CHRO complaint was drafted without the assistance of counsel. *Anderson*, 718 F. Supp. 2d at 274; *Dunbar v. Omnicom Grp., Inc.*, No. 3:19-CV-00956 (KAD), 2021 WL 633732, at *7-8 (D. Conn. Feb. 18, 2021) (collecting cases). Other courts have instead opted to treat counsel's role in drafting the CHRO complaint as another non-dispositive factor within

7

the *Johnson* test. *See, e.g.*, *Parlato v. Town of E. Haven,* No. 3:22-CV-1094 (SVN), 2023 WL 5206873, at *11 (D. Conn. Aug. 14, 2023) ("[I]n the absence of clear instruction from the Second Circuit, [the Court] will not categorically foreclose Plaintiff from invoking the identity of interest exception simply because she was represented by counsel in the administrative proceeding.").

Karpinska's briefing does not analyze whether the fact that Karpinska was represented in the administrative proceeding precludes application of the identity of interest exception. *See* Pl.'s Mem. Absent any meaningful adversary presentation on this issue, I decline to afford dispositive weight to the representation of counsel factor. I nonetheless find the fact that Karpinska was represented by counsel before the CHRO and failed to name Oswald in the CHRO complaint weighs strongly against applying the identity of interest exception.

The first *Johnson* factor analyzes whether Oswald could have been identified with reasonable effort. Karpinska concedes that she could have identified Oswald as a party to the CHRO complaint. Pl.'s Mem. 19. I therefore agree that this factor favors Oswald.

The second factor—whether Oswald's interests were so similar to Prospero's that it would have been unnecessary to include Oswald to obtain voluntary conciliation and compliance—weighs slightly in favor of Oswald. "The second factor is satisfied where the unnamed party's interests were represented adequately at the administrative proceeding." *Zustovich v. Harvard Maint., Inc.*, No. 08 CIV. 6856 (HB), 2009 WL 735062, at *9 (S.D.N.Y. Mar. 20, 2009); *cf. Goyette v. DCA Advert. Inc.*, 830 F. Supp. 737, 748 (S.D.N.Y. 1993) (holding that second factor favored plaintiff where "it would have been redundant for [the unnamed party] to have had its own representative at the negotiations"). "Where courts have found the second factor to weigh in favor of the plaintiff, the interests of the named and

8

unnamed entities have been closely intertwined, especially with respect to employment matters and administrative procedures." *Bolt v. Planned Parenthood of Cent. & W. New York*, 763 F. Supp. 3d 463, 472 (W.D.N.Y. 2025). Furthermore, "joint legal counsel between the named and unnamed entities, as is the case here, also weighs in favor of finding similar interests." *Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827 (KMK), 2025 WL 888528, at *7 (S.D.N.Y. Mar. 21, 2025).

Karpinska argues this factor favors her because Oswald was still employed by Prospero at the time Karpinska commenced administrative proceedings before the CHRO. Pl.'s Mem. 19. Karpinska further maintains that Oswald was closely involved in preparing Prospero's response to the CHRO complaint, which she says supports the inference that Prospero adequately represented Oswald's interests before the CHRO. *Id.* at 19-20. Oswald responds that her interests were not necessarily aligned with Prospero's interests insofar as Oswald was potentially individually liable under the CFEPA. Defs.' Mem. 19-20; Defs.' Reply 8.

I agree that Prospero and Oswald have interests that are not necessarily aligned. The complaint in this action alleges Oswald is individually liable under the CFEPA, and Oswald had already left Prospero by the time of the CHRO mediation in March 2024. Defs.' Reply 8; Oswald Decl. ¶ 9 (noting Oswald resigned from employment in or about November 2023). This suggests that, at the time of the mediation, Oswald's interests may have departed from Prospero's in whether to reach a partial or complete early resolution of this matter. That fact also distinguishes this case from the authority cited by Karpinska, which generally recognizes that a claimant's failure to correctly identify a corporate parent or municipal sub-entity before the EEOC should not preclude recovery. *See Parlato*, 2023 WL 5206873, at *9. Before the CHRO, the law firm of Jackson Lewis represented only Prospero and was not representing

9

Oswald in her individual capacity. Hook Decl. ¶¶ 2-3, ECF No. 35-2. Nevertheless, there has been no suggestion of an actual conflict of interest between Prospero and Oswald, and Oswald and Prospero have been represented by the same attorneys throughout the present action. Thus, even if the potential existed for Prospero's interests to depart from Oswald's, the record suggests that no such conflict has yet emerged. For that reason, I find that this factor only slightly favors Oswald.

The third factor analyzes the prejudice to Oswald from not being named in the CHRO complaint. "This factor weighs strongly in favor of the plaintiff if the unnamed defendant had actual notice of the EEOC charge." *Senecal v. B.G. Lenders Serv. LLC*, 976 F. Supp. 2d 199, 226 (N.D.N.Y. 2013). In contrast, "[t]he third factor weighs in favor of the unnamed defendant when it did not have an opportunity to be present at the [administrative] proceedings." *Id.*

Karpinska contends that this factor favors her because Oswald had actual notice of the nature of the claim against her and because the CHRO complaint included extensive discussion of Oswald's asserted misconduct. Pl.'s Mem. 20-21. Karpinska further notes that it was Oswald who signed Prospero's response to the CHRO complaint, ECF No. 35-3, at 9, which Karpinska says demonstrates that Oswald had ample opportunity to contest the factual and legal contentions in the CHRO complaint. Pl.'s Mem. 20-21. Oswald responds that she was prejudiced insofar as she could not appear or send a representative to appear on her behalf in the CHRO mediation. Defs.' Mem. 20-21. Had she been properly named in the CHRO complaint, Oswald says she could have sought early resolution of the claims brought against her in her individual capacity. Defs.' Reply 8-9.

I find that this factor favors Oswald. Although Oswald knew that her conduct was the subject of a CHRO complaint, she could not know at the time that the CHRO complaint was

10

filed that Karpinska would seek to hold her individually liable. And by the time the mediation occurred, Oswald was even further removed from the proceeding because she had resigned her position at Prospero. Nor has Karpinska introduced evidence to dispute Oswald's suggestion that Oswald or her representative plausibly could have resolved the claims against her in the CHRO mediation. Oswald thus suffered prejudice because she could not participate in the mediation that took place in March 2024. *Compare Manos v. Geissler*, 377 F. Supp. 2d 422, 427 (S.D.N.Y. 2005) (finding that third factor favored unnamed defendant where unnamed defendant was prevented from participating in EEOC settlement talks), *with Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1242 (2d Cir. 1995) (holding that third factor favored plaintiff where "there were no EEOC proceedings in the instant case and [defendant] could not have been prejudiced in any way"); *accord Olaya v. Beacon Communities Corp.*, No. 3:22-CV-882 (VDO), 2024 WL 550738, at *5 (D. Conn. Feb. 12, 2024) (finding that third factor favored plaintiff where unnamed defendant was "present at the mandatory mediation during the administrative proceedings").

      Moreover, I agree that failing to name Oswald in the CHRO complaint undermined the purpose of the CFEPA's exhaustion requirement. The exhaustion requirement functions to "give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Stewart v. U.S. Immigr. & Naturaliz. Serv.*, 762 F.2d 193, 198 (2d Cir. 1985). But this requirement also benefits the parties to a dispute, by affording the defendants "with notice and an opportunity for 'informal methods of conciliation, conference, and persuasion.'" *Rodriguez v. Int'l Bus. Machines Corp.*, 726 F. Supp. 3d 307, 313 (S.D.N.Y. 2024) (quoting 29 U.S.C. § 626(d)(2) and citing *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1058-59 (2d Cir. 1990)). Here, in contrast, early mediation efforts may well have been more productive had Oswald been named

11

and afforded opportunity to participate as a party to the CHRO proceedings. In particular, Karpinska's counsel's failure to name Oswald deprived Defendants of key information about the scope of Karpinska's claims.

The parties agree that the fourth factor is inapplicable in this case because Oswald played no role in influencing whom Karpinska's counsel identified in the CHRO complaint. I therefore find that this factor is neutral.

In sum, in analyzing the *Johnson* factors, factors (1), (2), and (3) favor Oswald. Factor (4) is neutral. As noted, weighing strongly in favor of Oswald is the fact that Karpinska was represented by counsel before the CHRO. Counsel's failure to identify Oswald in the CHRO complaint prevented Oswald from participating in the mandatory CHRO mediation and assured that there could be no early resolution of the claim that would eventually be brought against Oswald in her individual capacity. Having weighed the factors I must consider, I conclude that Karpinska has not met her burden of demonstrating that the identity of interest exception applies. Because Oswald was not properly named in the CHRO complaint, I lack subject-matter jurisdiction to resolve Karpinska's claim against Oswald.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Oswald's Motion to Dismiss for lack of subject matter jurisdiction is granted. The Clerk is directed to terminate Oswald from the action.

**SO ORDERED.**

New Haven, Connecticut
December 12, 2025

             /s/*Sarah F. Russell*
             SARAH F. RUSSELL
             United States District Judge